20688

MINI-TOW, INC., Respondent, v. The SOUTH CAROLINA DEPARTMENT OF HIGHWAYS AND PUBLIC TRANSPORTATION *et al.,* Defendants, of whom South Carolina Department of Highways and Public Transportation *et al.,* are Appellants.

(244 S. E. (2d) 516)

*Atty. Gen. Daniel R. McLeod* and *Asst. Attys. Gen. Marvin C. Jones* and *F. Kimball Joyner, Jr.,* Columbia, *for appellants.*

*Nelson, Mullins, Grier & Scarborough,* Columbia, *for respondent.*

May 16, 1978.

NESS, Justice:

This is a declaratory judgment action to determine whether the Mini-Tow transport dolly is a "vehicle" as defined by Section 56-5-120 of the Code of Laws of South Carolina (1976), and therefore violative of Code Section 56-5-4070. The South Carolina Department of Highways & Public Transportation appeals from an order concluding the Mini-Tow is not a vehicle and not violative of the two-unit provision of Code Section 56-5-4070. We affirm.

The Mini-Tow is a triangular-shaped towing device with four rear wheels on a single axle and one retractable front wheel. When it is attached to a motor vehicle, the motor vehicle can be used for service towing.

Code Section 56-5-120 defines a vehicle as:

"Every device in, upon or by which any person or property is or may be transported or drawn upon a highway,

except devices moved by human power or used exclusively upon stationary rails or tracks . . ."

Code Section 56-5-4070 provides, in pertinent part:

"No combination of vehicles coupled together shall consist of more than two units . . ."

Appellant asserts the Mini-Tow is a vehicle within the above definition and when it is linked to the towing and towed vehicles, the two unit limit of Code Section 56-5-4070 is exceeded.[1] We disagree.

Code Section 56-5-120 should not be interpreted to include a towing apparatus. The Mini-Tow is more aptly characterized as an "other connection" within the meaning of Code Section 56-5-4120. That provision states:

"When one vehicle is towing another vehicle, the drawbar *or other connection* shall be of sufficient strength to pull all weight towed thereby . . ." (Emphasis supplied.)

The trial court determined the Mini-Tow is safe for its intended purpose, *viz.*, towing a vehicle. It is more reasonable to classify it as an "other connection" used for towing a vehicle than as a vehicle itself.

We decline to interpret Code Section 56-5-4070 to proscribe a towing apparatus whose safety is unchallenged. To accept appellant's argument would be to similarly characterize a rope or chain connecting two automobiles as a "vehicle."

The Mini-Tow has been permitted to operate elsewhere. New Jersey and California have legislatively excluded such a transport dolly from the definition of "vehicle." N. J. Rev. Stat. § 39:4-54; Cal. Codes § 21715 (1977 Cum. Supp.). Pennsylvania and Massachusetts allow the Mini-Tow on their highways. Pa. Cons. Stat. Ann. § 902 (Purdon 1977); Mass. Op. Atty. Gen. 64 (1968). Additionally, a Florida

---

[1] Also see Attorney General Opinion No. 3656 (1973).

trial court presented with this precise issue, held the Mini-Tow was not a vehicle and therefore not violative of the tandem towing provision of an identical Florida statute. *State of Florida v. Fleischman,* No. 73-13442-TF (1974).

The strained construction of the statutes urged by appellant would render an ingenious and apparently safe towing device illegal on the highways of South Carolina. This result would not further the public safety purpose of the statutes.

Affirmed.

LITTLEJOHN, RHODES and GREGORY, JJ., concur.

LEWIS, C. J., dissents.

LEWIS, Chief Justice, (dissenting) :

I dissent.

The Mini-Tow, involved in this action, is, in my opinion, clearly a vehicle within the meaning of Section 56-5-120, and a separate unit within the meaning of Section 56-5-4070 when used in combination with other vehicles.

Section 56-5-120 defines *vehicle* as "every device in, upon or by which any person or property is or may be transported or drawn upon a highway, except devices moved by human power or used exclusively upon stationary rails or tracks."

It is undisputed in this record that the Mini-Tow is a device upon which property may be transported or drawn upon a highway. As such, it falls squarely within the definition of a vehicle.

The majority opinion, however, evades the clear, unambiguous language of the statute by concluding that the vehicle is used for towing, that it is ingenious and apparently safe, that four States have *legislatively* permitted it to operate on their highways, and one lower court judge in another State had approved its use on the highways. South Carolina now joins these four or five states by *judicial* amendment of its statute.

I would reverse the order of the lower court.